**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **DONNIE TYRON HORTON,** | § | |
| **TDCJ ID NO. 1248700,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 7:13-CV-0077-O-BL |
| **DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Now before the court is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Petitioner Donnie Tyron Horton, who is currently confined to the James V. Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), in Iowa Park, Texas. The petition was filed on June 12, 2013, (Doc. 3), and accompanied by a Memorandum of Law in Support. (Doc. 4). Petitioner challenges the validity of disciplinary action no. 20130178905, which was taken against him on March 4, 2013 at the Allred Unit.

In support of his petition, Petitioner presents the following grounds for relief:

1. Insufficient evidence. Petition ¶ 20, A; Memorandum of Law at 2-7.

2. Bias by the hearing officer, J.C. Boyle. Petition ¶ 20, B; Memorandum of Law at 7-9.

3. Officer Boyle unqualified for his position. Petition ¶ 20, C; Memorandum of Law at 9-10.

Petitioner appears to have exhausted the administrative remedies available through the grievance process. Petition ¶ 19. He seeks relief in the form of the dismissal of the challenged disciplinary conviction, dismissal and expungement of a separate disciplinary conviction, no. 20130207728, and $10,000 in compensatory damages Petition ¶ 21.

Petitioner has identified the punishments imposed as a result of his disciplinary action as being a reduction in Petitioner's custodial classification, and temporary loss of recreational and

commissary, and visiting privileges. Petition ¶ 18. He has indicated that he is not eligible for mandatory supervised release. Petition ¶ 16.

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).

2

Insofar as Petitioner challenges his time-earning classification in terms of line class, such classification would not "inevitably affect the duration of his sentence" under *Sandin*. 515 U.S. at 487. The possibility that a particular time-earning classification could affect Petitioner's release date is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi*, 211 F.3d at 959. Petitioner has no constitutionally protected interest in his prison custodial classification or in his future time-earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). If a petitioner is not eligible for "mandatory supervised release," then there is no liberty interest at stake in any loss of previously earned good-time credits, and due process does not attach to the disciplinary proceeding. *Madison*, 104. F.3d at 769. Under the circumstances of the instant case, no constitutionally protected liberty interest was implicated by the prison disciplinary hearing or sanctions imposed therein.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of

the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 28th day of June, 2013.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**